**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF:<br>Frank Daniel Kresock, Jr.,<br>    Debtor.<br>Frank Daniel Kresock, Jr.,<br>    Appellant,<br>v.<br>Ilene J. Lashinsky, et al.,<br>    Appellee. | No. CV-20-02426-PHX-SMB<br>BK NO. 0:16-bk-08631-BMW<br>BK Adv. NO. 0:19-bk-00091-BMW<br>Prev. BAP No. 20-1273<br><br>**ORDER** |

      Appellant Frank Daniel Kresock appeals the United States Bankruptcy Court's November 24, 2020 Ruling and Order Regarding Chapter 7 Trustee's Final Report. (Doc. 1.) Pending before this Court is Appellant's Opening Brief, (Doc. 8); Appellee's Response Brief, (Doc. 9); and the United States' Response Brief, (Doc. 12).[1] Having examined the parties' briefing, the bankruptcy court record, and the applicable law, the Court will dismiss this appeal.

---

[1] The United State correctly explains that it is not a party to this appeal, and Appellant does not identify any relief being sought against them in his opening brief. (*see* Doc. 1); *see United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992) ("We 'will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.'" (quoting *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986))).

## I. BACKGROUND

Appellant and debtor, Dr. Kresock, filed a notice of appeal with the bankruptcy court on December 8, 2020. (Doc. 1 at 4.) Dr. Kresock specifically appealed Chief Bankruptcy Judge Brenda Moody Whinery's November 24, 2020 ruling ("the Appealed Ruling"). (Doc. 1 at. 4–11.)

In his opening brief, Dr. Kresock identifies the "sole issue" of this appeal, which he describes as follows: "whether the Court below abused its discretion in not requiring the Chapter 7 trustee to produce a 1041 federal income tax return for the debtor's estate." (Doc. 8 at 8.) Dr. Kresock then asks this Court to "reverse the [Appealed Ruling] of the bankruptcy court below and order the Trustee to produce the 1041 tax returns." (*Id.* at 11.) Significantly, the only issue decided by Judge Whinery in the Appealed Ruling was "whether Dr. Kresock is entitled to any of the net proceeds from the sale of his residence by virtue of his claimed exemption." (Doc. 1 at 6.)

The issue now argued on appeal was raised by Dr. Kresock in two motions he filed with the bankruptcy court in October and November of 2019. *See In re Kresock*, No. 0:16-bk-08631-BMW (Bankr. D. Ariz. 2021) (Doc. 748 at 3–4; Doc. 749 at 7.)[2] The trustee field a response, (Bankr. Doc. 752), and the bankruptcy court denied the motions on December 5, 2019, (Bankr. Doc. 788 at 7–8).

## II. LEGAL STANDARD

In reviewing a bankruptcy appeal, a district court applies the same standard of review as an appellate court. *In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010). "The court reviews the bankruptcy court's findings of fact under the clearly erroneous standard and its conclusions of law de novo." *In re Kimura*, 969 F.2d 806, 810 (9th Cir. 1992). "Mixed questions of law and fact are reviewed de novo." *JTS Corp.*, 617 F.3d at 1109 (quoting *In re Chang*, 163 F.3d 1138, 1140 (9th Cir. 1998)).

## III. DISCUSSION

Dr. Kresock's appeal is procedurally deficient for several reasons.

---

[2] Citations to documents in bankruptcy court record will hereafter be cited as "Bankr. Doc."

- 2 -

First, he has appealed the wrong ruling. He identifies the issue before this Court as whether Judge Whinery abused her discretion in "not requiring the Chapter 7 trustee to produce a 1041 federal income tax return". (Doc. 8 at 7.) Yet, the only issue decided by the Appealed Ruling was "whether Dr. Kresock is entitled to any of the net proceeds from the sale of his residence." (Doc. 1 at 6.) The issue identified by the debtor was previously ruled upon by Judge Whinery in December of 2019, (Bankr. Doc. 788, at 7–8), a full year before the debtor filed his current notice of appeal. Dr. Kresock never appealed that ruling. The only ruling he has appealed is Judge Whinery's November 24, 2020 order—evidenced by the fact that the November 24, 2020 order is the only order attached to the Dr. Kresock's notice of appeal and is specifically referenced in the notice. (Doc. 1.)

Second, the issue Dr. Kresock is attempting to appeal—an allegedly missing disclosure by the bankruptcy trustee of the purportedly required tax returns—was decided by the bankruptcy court in a minute entry that is now time-barred from appeal. Judge Whinery's December 5, 2019 minute entry disposed of the debtor's motions concerning the tax returns, (Bankr. Doc. 788 at 7–8), and triggered the running of a 14-day appeal period under Bankruptcy Rule 8002(a). *See In re Sperna*, 173 B.R. 654, 657 (B.A.P. 9th Cir. 1994) ("If a minute entry fully adjudicates the issues and clearly evidences the court's intent that the order be the court's final act, the minute entry will be treated as a final order."). Dr. Kresock failed to file an appeal within the 14-day period, and his current notice of appeal does not reference the December 5, 2019 minute entry. Thus, the Court lacks jurisdiction to decide the issue identified in this appeal. *See In re Wilkins*, 587 B.R. 97, 107 (B.A.P. 9th Cir. 2018) ("[T]he 14–day time deadline in Rule 8002(a) is a jurisdictional requirement that acts as an immutable constraint on our authority to consider and hear appeals.").

Third, Dr. Kresock has not followed the necessary procedure for reconsideration under Federal Rule of Civil Procedure 59(e). It wasn't until November 13, 2020—six weeks after the September 29, 2020 hearing that resulted in the Appealed Ruling—that that Dr. Kresock attempted to "renew" his 2019 motion concerning the tax returns by including

it in his third objection to the trustee's proposed distribution. (*see* Bankr. Doc. 871.) There is no legal basis to ask the bankruptcy court to decide this same motion a second time, *almost a year later*, simply by adding it as an objection to other relief. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed *no later than 28 days* after the entry of the judgment." (emphasis added)). And even if such tactics could be considered under Rule 59(e), "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the [trial] court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also In re Hansen*, 368 B.R. 868, 878 (B.A.P. 9th Cir. 2007) ("Reconsideration under [Rule] 59(e), applicable via [Bankruptcy] Rule 9023, is appropriate only if the moving party demonstrates (1) manifest error of fact; (2) manifest error of law; or (3) newly discovered evidence."). Dr. Kresock has made no such showing here. Thus, his eleventh-hour effort to obtain a second ruling on this same issue failed to satisfy the requirements of Rule 59(e).

In summary, Dr. Kresock's appeal suffers from fatal procedural deficiencies. The Appealed Ruling makes no mention of the issue he now asks this Court to remedy. That issue was decided in a previous minute entry by the bankruptcy court, which Dr. Kresock never appealed. Thus, this appeal is procedurally deficient because either (1) the issues and arguments presented were not made to the bankruptcy court and, therefore, cannot be argued for the first time on appeal; or (2) Dr. Kresock is attempting an untimely appeal of the bankruptcy court's December 5, 2019 ruling, over which this Court lacks jurisdiction. Moreover, even if both those hurdles were removed, Dr. Kresock failed to meet Rule 59(e)'s requirements for reconsideration of a previously denied motion. Either way, dismissal of this appeal is appropriate.

### IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that this appeal is dismissed.

**IT IS FURTHER** ordered that the Clerk shall remand this case to the United States

1. Bankruptcy Court for the District of Arizona and terminate this case.

Dated this 22nd day of September, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge